IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | Case No. 3:21-cr-58 |
| | ) | |
| Cody James Belgarde, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Defendant Cody James Belgarde's renewed motion for an order finding his competency unrestorable. Doc. No. 44. The Government opposed the motion (Doc. No. 47), and Belgarde filed a reply. Doc. No. 51. For the reasons below, Belgarde's motion is denied.

**I.      BACKGROUND**

The Court is quite familiar with the facts and procedural posture of this case. As noted above, this is Belgarde's second motion for an order finding his competency unrestorable. The Court denied the first motion on February 23, 2022, and the Court specifically incorporates the background section from that order here. Doc. No. 42.

By way of brief review, in August 2021, after evaluation by a forensic psychologist with the Federal Bureau of Prisons ("BOP"), the parties stipulated that Belgarde was incompetent, agreed a competency hearing was unnecessary, and sought to proceed with competency restoration under 18 U.S.C. § 4241(d)(1). Id. After an inadvertent transportation miscommunication by the BOP, Belgarde was transferred back to the District of North Dakota instead of being directly transported to a Federal Medical Center ("FMC") for restoration. Id. Eventually, he was admitted to FMC Butner for restoration on February 15, 2022.

Belgarde then began competency restoration with BOP. On June 23, 2022, the BOP mailed its completed competency restoration evaluation and certificate of restoration of competency to stand trial. Doc. No. 52. The date of the forensic evaluation is June 16, 2022. <u>Id.</u> In the evaluation, BOP forensic psychologist Dr. Evan S. Du Bois made findings that Belgarde "is not currently suffering from a mental disease or defect which renders him incompetent to stand trial." <u>Id.</u> Consistent with those findings, BOP issued a certificate of restoration of competency to stand trial. <u>Id.</u> The certificate of restoration is date June 23, 2022. <u>Id.</u>

Two days before the evaluation was mailed by BOP, on June 21, 2022, Belgarde filed this renewed motion for an order finding his competency unrestorable. In the motion, he again asks the Court to find his competency unrestorable because the "Attorney General exceeded the statutory time limit" for restoration. Doc. No. 38. According to Belgarde, the four months for restoration, as authorized by statute, expired on June 15, 2022, and BOP did not provide its report until June 23, 2022. His position is that the Court must find his competency unrestorable and proceed to a dangerousness assessment under 18 U.S.C. § 4246(b). For its part, the Government opposes the motion, noting that the BOP did not exceed the statutory time limit and that Belgarde's restoration effectively moots the motion.

**II.    DISCUSSION**

In the Court's February 23, 2022, order (Doc. No. 42), it concluded:

> [T]he plain language of § 4241(d)(1) provides that such commitment begins when Belgarde is <u>hospitalized</u> and admitted to FMC Butner to begin restoration. While the Court recognizes the inadvertent mistake by BOP in returning Belgarde to the District of North Dakota instead of holding him for competency restoration, which resulted in a short delay for Belgarde's admission to FMC Butner, per the plain language of the statute, the statutory four-month period is triggered by hospitalization. <u>See</u> <u>Magassouba</u>, 544 F.3d at 408 ("[W]e construe § 4241(d)(1) to impose a four-month limit only on the Attorney General's authority to hold an incompetent defendant <u>in custodial hospitalization</u> for the purpose of determining the probability of his regaining competency."). This is entirely consistent with the

> purpose of the statute, which is "to enable medical professionals to accurately determine whether a criminal defendant is restorable to mental competency." United States v. Strong, 489 F.3d 1055, 1062 (9th Cir. 2007).
>
> Accordingly, and consistent with the plain language of the statute and relevant legal authority, the Court finds that Belgarde's statutory period for hospitalization was triggered when Belgarde arrived at FMC Butner on February 15, 2022.

Doc. No. 42. So, to the extent Belgarde renews his argument that the Attorney General exceeded the four months in § 4241(d)(1) because of the length of time between the Court's order for competency restoration (August 12, 2021) and his admission to Butner (February 15, 2022), the Court denies the motion consistent with its prior findings and conclusions on that issue. Id.

More salient to this motion is Belgarde's latest argument that the Attorney General now exceeded the four-month statutory period for competency restoration proceedings, since he was admitted to FMC Butner on February 15, 2022, but the forensic evaluation and certificate of competency was dated June 23, 2022. In support of his position, Belgarde cites United States v. Carter, 2022 WL 483636, No. 19-cr-261 (D.D.C. Jan. 27, 2022), a recent decision from the United States District Court for the District of Washington, D.C. In response, the Government notes Belgarde's competency restoration was completed within the four-month statutory framework. It further notes that a certificate of restoration of competency was issued and argues his motion is moot considering the latest forensic evaluation and certificate of restoration.

As an initial matter, Carter is not binding authority. Moreover, there are some factual distinctions between Carter and this case. For example, in Carter, there was a contested competency hearing and discussion before restoration was ordered about the possibility of a local hospital placement for restoration. Id. Here, the parties stipulated to competency restoration and there was no discussion among the parties as to the possibility for local placement. All that said, Carter does take issue with the lengthy admission waiting period for the FMCs (which was the

3

issue in Belgarde's first motion) and concluded that the four-month statutory period for restoration in § 4241(d)(1) begins, not on the date of admission for hospitalization (as this Court previously determined in this case), but on the date that a court orders competency restoration. Id. Because the Attorney General exceeded the four-month window, the Carter court concluded the appropriate remedy was either dismissal of the indictment or civil commitment. Id.

While the Carter decision raises important issues and arguments against lengthy competency restoration proceedings, particularly concerning transportation, this Court ultimately disagrees with the statutory interpretation of § 4241(d)(1) articulated in Carter. Specifically, the Court disagrees that the four-month period for competency restoration begins on the date that competency restoration is ordered. And while the Court welcomes guidance from a higher court on the § 4241(d)(1) timing issue, especially given the COVID-19 pandemic and the lengthy waiting periods for admission to any of the three FMCs that handle restoration across the country, this Court stands by its plain language interpretation of the text of that statute, which states: "The Attorney General shall hospitalize a defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months[.]" 18 U.S.C. § 4241(d)(1) (emphasis added). So, consistent with that interpretation, the Court is not persuaded to follow Carter at this time, absent controlling case law directing otherwise.

Additionally, the facts in the record cut against Belgarde's argument that the Attorney General exceeded the four-month restoration period. Indeed, the record appears to indicate that the Attorney General completed Belgarde's restoration within the four-month window. Although the letter attaching and mailing the forensic evaluation is dated June 23, 2022 (along with the certificate of restoration of competency), it is important to note that the date of the evaluation itself is June 16, 2022. Doc. No. 52. Thus, the fact that the evaluation was completed on June 16, 2022,

4

indicates that his hospitalization for restoration was completed before June 16, 2022. And recall, four months from February 15, 2022 (Belgarde's admission date) is June 15, 2022. On these facts, the Court concludes that the Attorney General completed competency restoration within the four-month statutory period authorized in § 4241(d)(1).[1] Accordingly, the Court again declines Belgarde's invitation to deem his competency unrestorable and to proceed to a dangerousness assessment under 18 U.S.C. § 4246. Consistent with the above, Belgarde's motion (Doc. No. 44) is denied.

### III.  CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Belgarde's renewed motion for an order finding his competency unrestorable (Doc. No. 44) is **DENIED**. Belgarde shall be transported back to the District of North Dakota as soon as reasonably practical for a competency hearing. Because the Court previously found him incompetent, until a competency hearing is held and the Court finds that Belgarde's competency has been restored, the Court will cancel the August 30, 2022, trial date and will hold the trial date in abeyance pending a decision on his competency to proceed to trial. See 18 U.S.C. § 3161(h)(4).

**IT IS SO ORDERED**.

Dated this 28th day of July, 2022.

/s/ Peter D. Welte
Peter D. Welte, Chief Judge
United States District Court

---

[1] As the Court noted in its prior order, the statute also allow for extensions as to restoration. See Doc. No. 42 ("Moreover, and importantly, the statutory framework of 18 U.S.C. § 4241(d) expressly embraces flexibility in timing and specifically contemplates situations where the Attorney General may need additional time, beyond four months, to complete restoration. See 18 U.S.C. § 4241(d)(2).").