**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION TO** |
| | ) | **EXCLUDE EXPERT WITNESS** |
| vs. | ) | |
| | ) | Case No. 3:21-cr-58 |
| Cody James Belgarde, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Cody James Belgarde moves for an order to exclude, or alternatively limit, expert testimony that a shotshell case was fired from a specific shotgun. Doc. 89. The United States opposes the motion.

This case involves allegations that the victim was shot. Doc. 1. The United States intends to call Earl J. Gliem as an expert witness. Doc. 65 at 4-5. Gliem reviewed, examined, and identified a shotgun, metal fragments, wad and debris, and a shotshell case related to this case. Id. at 4. The United States expects he will testify regarding a "[s]hotshell case, identified as being associated with [Belgarde]." Id. at 5. The expert notice also states that "[t]he shotshell is further identified as having been fired in the shotgun with the opinion that the probability that the two toolmarks were made by different sources is so small that it is negligible." Id.

Belgarde argues this testimony as to firearm toolmarks runs afoul of Federal Rule of Evidence 702, and the testimony should be excluded or substantially limited. It is the duty of the district court to ensure that any expert testimony "rests on a reliable foundation and is relevant to the task at hand." Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 580 (1993). To that end, Federal Rule of Evidence 702 provides that an expert witness may provide opinion testimony if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or data;

    (c) the testimony is the product of reliable principles and methods; and

    (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. In Daubert, the Supreme Court developed a non-exhaustive list of factors district courts should consider when assessing the reliability of expert testimony: (1) whether the concept has been tested; (2) whether the concept has been subject to peer review; (3) what the known rate of error is; and (4) whether the concept is generally accepted by the community. 509 U.S. at 593-95. Courts are to evaluate the expert evidence in light of the specific circumstances of the case to ensure that it is reliable and sufficiently relevant to assist the jury in resolving the factual disputes. Id. at 592–93. Essentially, each expert is addressed on a case-by-case basis.

    Belgarde has cited several cases that have questioned the same methods used by Gliem to determine that a "shotshell case" was fired from a specific shotgun. See United States v. Ashburn, 88 F. Supp. 3d 239, 249 (E.D.N.Y. 2015); United States v. Glynn, 578 F. Supp. 2d 567, 574–75 (S.D.N.Y 2009); United States v. Monteiro, 407 F. Supp. 2d 351, 355 (D. Mass. 2006); United States v. Davis, 2019 WL 4306971, at *8 (W.D. Va. 2019); United States v. Adams, 444 F. Supp. 3d 1248, 1267 (D. Ore. 2020). But none of these cases held that firearm toolmark expert testimony is inadmissible. Rather, these courts permit the expert to testify as to their professional opinion, but preclude the expert from testifying to their degree of certainty. On the other hand, several circuit court cases have accepted the methodology used by Gliem, and those cases note that any issues with the methodology goes to the weight of the evidence. See United States v. Brown, 973

F.3d 667, 702-04 (7th Cir. 2020); United States v. Johnson, 875 F.3d 1265, 1281 (9th Cir. 2017); United States v. Williams, 506 F.3d 151, 157-62 (2d Cir. 2007).

What all of the cases have in common is that expert testimony on firearm toolmarks is admissible. To that end, Belgarde's motion to exclude Gliem's testimony is **DENIED**. However, as to the degree of certainty, Gliem may only testify as to his professional opinion as to whether the shotshell case is a match to the specific shotgun at issue.

**IT IS SO ORDERED**.

Dated this 25th day of October, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court