**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING MOTION** |
| | ) | **TO DISMISS** |
| vs. | ) | |
| | ) | |
| Cody James Belgarde, | ) | Case No. 3:21-cr-58 |
| | ) | |
| Defendant. | ) | |

Defendant Cody James Belgarde moves to dismiss the indictment (Doc. 2) with prejudice based on a violation of the Speedy Trial Act of 1974 ("STA"). Doc. 88. The United States opposes the motion. Doc. 106. For the reasons below, the motion is denied.

**I.     BACKGROUND**

On March 17, 2021, Belgarde was indicted on one count of first-degree murder within Indian Country, in violation of 18 U.S.C. §§ 1111 and 1153. Doc. 2. He was arraigned the next day. Doc. 6. On April 16, 2021, Belgarde moved to continue his trial (Doc. 16), and the motion was granted the same day (Doc. 18). On May 12, 2021, the United States moved for a psychiatric examination to assess Belgarde's competency. Doc. 23. Belgarde did not object, and the motion was granted the next day. Doc. 25.

Belgarde was then evaluated at the Federal Detention Center in Englewood, Colorado ("FDC Englewood"). He was evaluated by Dr. Jessica Micono, a forensic psychologist for the Federal Bureau of Prisons ("BOP"). On August 10, 2021, Dr. Micono's forensic evaluation was filed. Doc. 27. The report concluded that Belgarde was incompetent and recommended he undergo competency restoration pursuant to 18 U.S.C. § 4241(d). Id. at 12.

On August 12, 2021, the parties stipulated that Belgarde was incompetent to proceed and agreed that a competency hearing was unnecessary. Doc. 28. The parties asked the Court to issue an order adopting Dr. Micono's findings and committing Belgarde "to the custody of the Attorney General for formal competency restoration procedures pursuant to 18 U.S.C. § 4241(d)." Id. The same day the stipulation was filed, the Court adopted it, found Belgarde incompetent based on Dr. Micono's report and evaluation, and ordered competency restoration. Doc. 29.

In early November, it was discovered that Belgarde was erroneously transported back to the District of North Dakota from BOP and FDC Englewood. The United States Marshals Service ("USMS") then began the logistical and transportation process for Belgarde to be designated and admitted to a Federal Medical Center ("FMC") for restoration. Ultimately, in November, Belgarde was designated to FMC Butner, and the USMS was informed it would be a 12 week wait for admission. He was admitted to FMC Butner for restoration on February 15, 2022.

Following restoration, the doctors from FMC Butner filed an evaluation that concluded Belgarde's competency was now restored. Doc. 43. The parties stipulated to competency on November 7, 2022. Doc. 59. The next day, the Court adopted the stipulation and set the case for trial on the next available trial date. Doc. 60.

## II.   LAW AND ANALYSIS

The STA requires that a criminal defendant's trial commence within 70 days after they are charged or make an initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1); Bloate v. United States, 559 U.S. 196, 198-99 (2010). If this timeline is not met, the case must be dismissed. See United States v. Taylor, 487 U.S. 326, 343-344 (1988); see also 18 U.S.C. § 3162(a)(2) (If the 70-day timeline is not met, "the information or indictment shall be dismissed on motion of the

defendant."). But the STA also includes number of time-based exclusions from the 70-day requirement. At issue here is the intersection of two exclusions.

The first exclusion at issue is one that relates to delays in transportation. Under 18 U.S.C. § 3161(h)(1)(F):

> [D]elay resulting from transportation of any defendant from another district, or to and from places of examination or hospitalization, except that any time consumed in excess of ten days from the date an order of removal or an order directing such transportation, and the defendant's arrival at the destination shall be presumed to be unreasonable.

So, when a defendant is transported for an examination or hospitalization, the first 10 days of transportation does not count towards STA, but any time in excess of 10 days does. Here, Belgarde argues his time spent waiting for transportation (save for the first 10 days per the statute) must be counted towards his STA clock. And if that is true, then well-over 70 days has passed under the STA, and dismissal is mandatory.

But another exclusion is also in play—the incompetency exclusion. Under 18 U.S.C. § 3161(h)(4), "[a]ny period of delay resulting from the fact that the defendant is mentally incompetent or physically unable to stand trial is excluded from the STA calculation." The United States argues that Belgarde's STA clock tolled once he was found to be incompetent and did not start again until the Court found his competency restored. If that is true, then 70 days have not passed under the STA, and the motion should be denied.

There is no direct authority on the intersection of these two exclusions from the Eighth Circuit Court of Appeals. But some other federal district courts and circuit courts have weighed in on this issue. As noted by Belgarde, some courts have found similar delays to be the result of the United States' failure to transport an incompetent defendant in a timely manner. United States v. Dellinger, 980 F. Supp.2d 806, 812 (E.D. Mich. 2013) ("Defendant could have been receiving

3

treatment sooner—and may have been restored to competence (or found not restorable to competence) more quickly—but for the error."); United States v. Black, No. 21-CR-009-GKF, 2022 WL 17170707, at *6 (N.D. Okla. Nov. 22, 2022) (Defendant "may have been restored to competence sooner had he been promptly transported."); United States v. Hernandez-Amparan, 600 F. Supp. 2d 839, 843 (W.D. Tex. 2009) (finding the delay "is a result of the failure to transport Defendant for treatment"). These cases reason that, while trial cannot take place while a defendant is incompetent, a delay in transportation results in a delay in restoration of competence and therefore the trial. Belgarde encourages a similar analysis here.

But not all federal courts agree. A number of courts have found that similar delays are the result of the defendant's incompetence. See United States v. Romero, 833 F.3d 1151, 1155 (9th Cir. 2016) (any delay in competency restoration necessarily results from the defendant's incompetence); United States v. Kabinoto, No. CR-09-1079-PCT-DGC, 2009 WL 2358946, at *2 (D. Ariz. July 31, 2009) (despite overcrowding at the mental health facility contributing to delay in restoration, the time still excluded from speedy trial calculation due defendant's incompetence); United States v. Hatter, No. 14-cr-1811, 2015 WL 1511015, at *3-4 (S.D. Cal. Mar. 19, 2015) (despite lack of bedspace and administrative errors delaying the restoration process, the inability to proceed to trial is a result of the defendant's mental incompetence). These cases reason that, because an incompetent defendant cannot be tried, any delay in the trial is necessarily a result of the incompetence. The United States encourages the Court to adopt this line of reasoning.

Yet another set of federal courts has adopted a middle-ground approach, where there can be multiple causes of a delay.[1] These cases reason that similar delays are attributable to both

---

[1] Though dealing with different provisions of the STA, the Supreme Court recognized in Tinklenberg that a period of delay may have more than one cause. United States v. Tinklenberg, 563 U.S. 647, 658 (2011).

transportation issues (non-excludable save for 10 days) and the defendant's incompetence (excludable). They explain that in cases where both an excludable and non-excludable delay exist, the time must be excluded from the STA calculation. United States v. Pendleton, 665 F. App'x 836, 839 (11th Cir. 2016) ("if a defendant is mentally incompetent under § 3161(h)(4), that time is excludable even if there is also a transportation delay that is unreasonably long and thus not excludable under § 3161(h)(1)(F)"); United States v. McCall, No. 1:21-CR-00474-UNA, 2022 WL 19561433, at *4 (N.D. Ga. Dec. 12, 2022) (similar delay was "not excludable under § 3161(h)(1)(F), but "excludable under § 3161(h)(4)"); United States v. Lewis, 484 F. Supp. 2d 380, 390-91 (while they may have been unreasonable delay, the delay was independently attributable to the defendant's incompetency and excludable under § 3161(h)(4)).

On the specific facts and circumstances of this case, this approach provides a more fair and thorough analysis than the other two approaches. So, this Court will apply the third approach in this case. The third approach harmonizes both exclusions and accounts for the reality that both exclusions can be true at the same time. It is well-settled that an incompetent defendant cannot be tried. See Cooper v. Oklahoma, 517 U.S. 348, 354 (1996). But it is also true that delays in transportation happen for any number of reasons, including severe limitations on hospital bed availability at FMCs. When taken in isolation, it took more than 10 days to transport Belgarde to the hospital at FMC Butner, and under § 3161(h)(1)(F), that delay in transportation can count toward his STA clock (save for the initial 10 days). At the same time, while he was transported, Belgarde was incompetent, and that time is excluded under § 3161(h)(4) and is an independent basis for exclusion. This does not mean that § 3161(h)(4) trumps § 3161(h)(1)(F) (or vice versa),

as Belgarde suggests. Rather, it means both can be true—§ 3161(h)(1)(F) excludes only 10 days of transportation time, but § 3161(h)(4) excludes all time when Belgarde was incompetent.[2]

Belgarde argues this interpretation renders § 3161(h)(1)(F) "mere surplusage" and leads to absurd results. Doc. 88 at 5-7. Two other courts agree. Black, 2022 WL 17170707 at *6; Dellinger, 980 F. Supp. 2d at 813. But § 3161(h)(1)(F) still has meaning. As an initial matter, the exclusion's reference to "hospitalization" certainly applies to circumstances other than just competency restoration. See Mouton, No. 4:20-CR-00501, 2023 WL 3872206, at *9; United States v. Beler, No. 19-MJ-100 (BAH), 2019 WL 5789747, at *13 (D.D.C. Nov. 6, 2019), Also, § 3161(h)(1)(F) "still acts as a limit to excludable transportation delays in connection with competency evaluations covered by subsection (h)(1)(A), as several courts have held." Beler, No. 19-MJ-100 (BAH), 2019 WL 5789747, at *13 (collecting cases).

To crystalize the record and the STA calculation here, Belgarde made his initial appearance on March 18, 2021 (Doc. 5) and moved to continue his trial on April 16, 2021 (Doc. 16). So, 28 days counted under the STA. Belgarde consented to the continuance and acknowledged that any delay would be excluded under the STA. Doc. 17. The motion to continue was granted and trial reset to October 5, 2021. Doc. 18. So, with his consent, all time from April 16 to October 5 is excluded. See 18 U.S.C. § 3161(h)(7)(A). During that time, Belgarde was found incompetent, and restoration was ordered. Doc. 29. His incompetency triggered the § 3161(h)(4) exclusion, excluding all delay resulting from the defendant's incompetence.

His competency was restored on November 8, 2022. Doc. 60. Once restored, his STA clock restarted, and trial was set for the first available trial date, December 6, 2022. Then, on November

---

[2] Arguably, the better analysis of the delay in this case is through a due process framework and not the STA. See generally United States v. Mouton, No. 4:20-CR-00501, 2023 WL 3872206, (S.D. Tex. June 7, 2023)

21, 2022, Belgarde consented to and moved to continue trial. Doc. 62. That motion was granted the next day. Doc. 63. Thirteen days passed between his restoration and that motion to continue, so those days are included under the STA. Belgarde filed another motion to continue, with a consent, on February 24, 2023. Docs. 67, 68. So, the period of delay since the November 21, 2022, motion to continue trial is excluded under § 3161(h)(7)(A). All told, in this Court's calculation, 41 non-excludable days have passed under the STA.

On these facts, there is no STA violation. While § 3161(h)(1)(F) excludes 10 days of transportation time, § 3161(h)(4) excludes all delay resulting from Belgarde's incompetency. 41 non-excludable days have passed on his STA clock. For those reasons, the motion to dismiss is denied.

### III.   CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Belgarde's motion to dismiss (Doc. 88) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 27th day of October, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court
