IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **OMNIBUS ORDER ON 404(b)** |
| | ) | **EVIDENCE** |
| vs. | ) | |
| | ) | |
| Cody James Belgarde, | ) | Case No. 3:21-cr-58 |
| | ) | |
| Defendant. | ) | |

Defendant Cody James Belgarde moves to exclude Rule 404(b) evidence. Doc. 117. The United States moves for an order allowing Rule 404(b) evidence to prove Belgarde's motive, opportunity, intent, preparation, plan, knowledge, and identity, as well as absence of mistake and lack of accident. Doc. 124.

Belgarde is charged with first degree murder within Indian country, second degree murder within Indian country, and arson within Indian country. Doc. 71. On October 2, 2023, the United States filed a notice of its intention to use other-acts evidence under Federal Rule of Evidence 404(b). Doc. 87. The notice articulates six other acts the United States intends to offer at trial for non-propensity purposes. Id. Four of these acts are prior convictions; the other two are purported statements or actions attributed to Belgarde. Id.

Rule 404(b) of the Federal Rules of Evidence "excludes evidence of specific bad acts used to circumstantially prove a person has a propensity to commit acts of that sort." United States v. Guzman, 926 F.3d 991, 999 (8th Cir. 2019) (cleaned up). Evidence of prior bad acts is admissible, however, "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). To be admissible, the evidence must be: "(1) relevant to a material issue raised at trial; (2) similar in kind

and close in time to the crime charged; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial value." United States v. Croghan, 973 F.3d 809, 820 (8th Cir. 2020) (citation omitted). "Rule 404(b) is a rule of inclusion, prohibiting only evidence that tends solely to prove a defendant's criminal disposition." United States v. Thomas, 760 F.3d 879, 883 (8th Cir. 2014) (citation omitted).

Belgarde asserts the notice given by the United States was deficient because it did not describe how the other acts would be used for non-propensity purposes. Doc. 117 at 2-3. A "[s]imple recitation of Rule 404(b) elements, such as knowledge and intent, is generally discouraged." United States v. Taylor, 44 F.4th 779, 794 (8th Cir. 2022). "Rule 404(b) requires something more than stating an exception listed in the rule to ensure the inference the defendant's previous bad conduct invites in jurors' minds is not that the defendant was a bad man in the past and therefore probably committed the crimes for which is his now charged." Id. (cleaned up). After the filing of Belgarde's motion to exclude Rule 404(b) evidence, the United States filed its own motion articulating with specificity the connections between the prior convictions and the crimes alleged in the superseding indictment. Doc. 124. As a result, if the initial notice was deficient, that deficiency has now been cured. See United States v. White, 816 F.3d 976, 984 (8th Cir. 2016).

The United States has properly articulated non-propensity reasons for the introduction of each criminal conviction. Belgarde certainly disagrees with the state of the case law in the Eighth Circuit, but has not rebutted the presumption of admissibility. The prior convictions are therefore admissible. Nothing in the order prevents Belgarde from seeking a limiting instruction at trial as to the prior convictions. To the extent, the United States seeks to introduce the prior convictions for non-propensity reasons, the motion is granted.

The remaining acts the United States intends to introduce are Belgarde's use of methamphetamine around the time of the alleged murder/arson and statements allegedly made by Belgarde to Brady Walford. The Court appreciates the United States' disclosure of its intent to introduce this evidence. Nevertheless, ruling on the admissibility of this evidence is premature, and the Court reserves ruling until the record has been further developed at trial. To the extent the United States seeks an order that this evidence is admissible, the motion is denied. Nothing in this order prevents the United States from offering this evidence at trial after the record has been further developed. This may be done either at the time the evidence is offered, or at an appropriate time prior to when the evidence is offered, if in the opinion of the United States the record has been appropriately developed at that time.  Argument regarding admissibility of this evidence should be outside the presence of the jury.

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, the Court **DENIES** Belgarde's motion (Doc. 117) and the United States' motion (Doc. 124) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED**.

Dated this 27th day of October, 2023.

*/s/ Peter D. Welte*
Peter D. Welte, Chief Judge
United States District Court