IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Cody James Belgarde, | ) | Case No. 3:21-cr-58 |
| | ) | |
| Defendant. | ) | |

The Defendant Cody James Belgarde moves in limine to exclude dual-role testimony from the United States' law enforcement witnesses. Doc. 125. Belgarde argues that any dual role testimony will be confusing and prejudicial. Id.

Generally, witnesses must testify based on their personal knowledge. See Fed. R. Evid. 602. However, expert witnesses may offer opinion testimony if "the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue" and the testimony is sufficiently reliable. Fed. R. Evid. 702.

While these two forms of testimony are generally separated, some witnesses may be qualified to provide both: they may be able to testify to their own perceptions because they participated in the case, and they may be able to testify to their opinions because they have specialized training and experience. United States v. Overton, 971 F.3d 756, 762-63 (8th Cir. 2020). A witness who can provide both forms of testimony may provide "dual-role testimony." Id. at 763. Such testimony "may be admissible" when "presented in a concise and differentiated way." United States v. Overton, 971 F.3d 756, 764 (8th Cir. 2020).  "[T]he less clear the segregation of roles during testimony, the greater the mitigation required of cautionary instructions." United States v. Moralez, 808 F.3d 362, 366 (8th Cir. 2015).

Here, the United States proposes to call Special Agent Derek Hill as a fact and an expert witness. The Court believes Agent Hill's dual role testimony is admissible because it is relevant and will assist the jury in understanding the evidence or in determining a fact at issue. See U.S. v. Felak, 831 F.2d 794, 797 (8th Cir. 1987). So, to the extent Belgarde seeks to prevent Agent Hill from testifying in a dual rule, the motion (Doc. 125) is **DENIED**. Nevertheless, proper safeguards must be put in place to prevent confusion. Hill's testimony must delineate his two roles for the jury and the United States must structure their questioning accordingly. The Court will issue a general instruction on consideration of expert witness testimony. And, if requested by either party, the Court will consider an instruction more specific to Agent Hill's testimony. Nothing in this order prevents Belgarde from objecting at trial if the testimony is not being presented in a manner consistent with this order.

**IT IS SO ORDERED**.

Dated this 27th day of October, 2023.

>*/s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court